**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WALTER E. ANTHONY,

        Petitioner,

v.                                              Case No. 2:06-CV-15378

MARY BERGHUIS,

        Respondent.
                                  /

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR RELIEF FROM JUDGMENT, DENYING PETITIONER'S APPLICATION
TO PROCEED *IN FORMA PAUPERIS* AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

In 1988, Petitioner was convicted by a jury conviction for first-degree murder. The trial court sentenced Petitioner to a term of life imprisonment. The Michigan Court of Appeals affirmed the conviction on direct appeal, and the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal. On December 4, 2006, Petitioner Walter E. Anthony filed a *pro se* petition for writ of habeas corpus. In 1993, Petitioner filed a petition for federal habeas corpus relief, challenging the conviction and sentence. The court denied his petition as meritless. Petitioner then filed an appeal with the United States Court of Appeals for the Sixth Circuit, which affirmed the district court's judgment. *Anthony v. Jabe*, 82 F.3d 417 (6th Cir. 1996). On December 4, 2006, Petitioner filed a second petition for writ of habeas corpus. Because Petitioner's petition was a second or successive petition, on December 12, 2006, this court transferred the case to the United States Court of Appeals For the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142

F.3d 939, 940 (6th Cir. 1998). On July 13, 2007, the Sixth Circuit denied Petitioner's motion for an order authorizing a second or successive habeas petition. *In re Anthony*, No. 06-2630 (6th Cir. July 13, 2007).

Petitioner has now filed a motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(1). Petitioner has also filed an application to proceed *in forma pauperis*. For the reasons stated below, the motion for relief from judgment is denied. The court also denies Petitioner's application to proceed *in forma pauperis.*

A Rule 60(b) motion does not serve as a substitute for an appeal, or bring up for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 996 F.2d 1216, 1993 WL 210696, * 1 (6th Cir. June 15, 1993)*; see also Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999). The court will deny Petitioner's 60(b)(1) motion for relief from judgment, because he has failed to offer any arguments which this court has not already previously considered and rejected in its prior orders. *See Brumley v. Wingard,* 269 F. 3d 629, 647 (6th Cir. 2001). The motion for relief from judgment is therefore denied.

Regarding Petitioner's motion to proceed *in forma pauperis* on appeal, an appeal may be taken *in forma pauperis* if the appeal is taken in "good faith." 28 U.S.C. § 1915(a). "Good faith" requires a showing that the issues are arguable on the merits and are, therefore, not frivolous; it does not require a showing a probable success. *Harkins v. Roberts*, 935 F.Supp. 871, 783 (S.D.Miss. 1996) (quoting *Howard v. King*, 707 F.2d 215, 219-220 (5th Cir. 1983)). "If the district court can discern the existence of any nonfrivolous issue on appeal, the movant's petition to petition *in forma pauperis* must be

2

granted." *Harkins*, *supra* at 873.

Here, the court cannot discern a nonfrivolous issue for an appeal based on the court's prior ruling. Therefore, the court will deny Petitioner's application to proceed *in forma pauperis*.

Before Petitioner may appeal this court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds, without addressing the claim's merits, a certificate of appealability should issue; an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. There, no appeal is warranted. *Id.*

The court is satisfied that a reasonable jurist could not find the court's procedural ruling debatable. No certificate of appealability is warranted.

Based upon the foregoing, IT IS ORDERED that the motion for relief from judgment or order [Dkt. # 4] is DENIED.

3

IT IS FURTHER ORDERED that Petitioner's application to proceed *in forma pauperis* [Dkt. # 5] is also DENIED and the court DECLINES to issue a certificate of appealability.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522